UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  GREGORY BRIAN
MYERS
_____

GREGORY BRIAN MYERS,

    Appellant,

v().                                    Case No.:  2:22-cv-478-SPC

U.S. BANK N.A.,

    Appellee.

_____/

**ORDER**[1]

U.S. Bank N.A., Appellee in this Bankruptcy Appeal, moves the Court to dismiss Gregory Myers's appeal. (Doc. 18). Myers opposes dismissal.[2] For the following reasons, U.S. Bank's motion is DENIED.

This dispute centers on real property in Bethesda, Maryland, ("Property") the mortgage for which Myers and his wife, Barbara Ann Kelly, defaulted in 2010.  U.S. Bank, through its predecessor trustees, filed a

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them.  The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.
[2] In its 3.01(g) certification, U.S. Bank states that Myers opposes dismissal.  (Doc. 18 at 12).  Myers did not file a response in opposition, but he did move for additional time to respond. (Doc. 21).  Because the Court concludes U.S. Bank's Motion to Dismiss should be denied, Myers's Motion for Extension of Time is DENIED AS MOOT.

foreclosure action in Maryland state court in 2014. And in 2015, the Maryland state court greenlit the sale of the Property.

But that sale has never occurred, and in the ensuing years, Myers has filed for bankruptcy protection four times in three jurisdictions[3] (including the case on appeal), and Kelly has filed for bankruptcy protection two times in two jurisdictions.[4] None of these proceedings have resulted in a discharge of obligations for Myers or Kelly, but U.S. Bank has received relief from stay in Myers's Maryland bankruptcy[5], which is still pending.

In the underlying case, Myers did not provide for the debt on the Property in his Chapter 13 Plan (Doc. 4-8), his First Amended Chapter 13 Plan (Doc. 4-12), or his Second Amended Chapter 13 Plan (Doc. 4-24). As the bankruptcy court clarified, Myers was not proposing a mortgage modification mediation, he was not proposing to cure and maintain the Property, and he was not proposing to surrender the Property. (Doc. 5-1 at 6).

U.S. Bank filed a Proof of Claim (Doc. 4-7) and a Motion for Relief from the Automatic Stay (Doc. 4-17)[6]. Myers objected to U.S. Bank's claim (Doc. 4-15) and opposed lifting the stay (Doc. 4-23). The bankruptcy court held a

---

[3] D. Md. 15-26033; 19-17428; FLMD 2:21-bk-123; D. Del. 19-10392
[4] D. Md. 18-13224; FLMD 2:18-bk-7142.
[5] D. Md. 15-26033 (Doc. 526).
[6] In full, the motion was entitled, "Motion For Relief From The Automatic Stay And Co-Debtor Stay And Request For Five Year Injunction Against Refiling And Five Years Of Prospective Stay Relief As To Real Property" (Doc. 4-17).

hearing on these matters, at which it granted U.S. Bank's Motion for Relief from Stay under Local Administrative Order 2020-7[7] because Myers's Chapter 13 Plan did not provide for the debt on the Property. (Doc. 5-1 at 6–8, 11; Doc. 4-32). The court then overruled Myers's objection as moot. (Doc. 5-1 at 6–8, 11; Doc. 4-31). Myers moved for reconsideration. (Doc. 4-33; Doc. 4-34). The bankruptcy court held another hearing and denied Myers's motions on the record. (Doc. 6-1 at 35–36, 40–44; Doc. 4-2; Doc. 4-3). Myers appealed.

And now U.S. Bank moves this Court to dismiss the appeal, characterizing it as "meritless and frivolous" and "part of a pattern and strategy to delay foreclosure of the Maryland Property and to needlessly increase the cost of litigation." (Doc. 18 at 8 (cleaned up)). In support, U.S. Bank cites commentary from the previous bankruptcy proceedings describing similar tactics and stratagems. (Doc. 18 at 9–10).

But what U.S. Bank has failed to offer is a mechanism by which this Court can dismiss an appeal—on the merits—in this circumstance. To be clear, U.S. Bank is not seeking a procedural dismissal for failure to prosecute. *See Lawrence v. Educ. Credit Mgmt. Corp.*, 522 F. App'x 836 (11th Cir. 2013). And Myers has not sought leave to file this appeal in forma pauperis, which would

---

[7] Administrative Order 2020-7 provides, in relevant part: "Termination of the Automatic Stay. If the Plan . . . (d) fails to provide for the claim of the secured creditor or lessor, such secured creditor or lessor is granted in rem relief from the automatic stay to pursue its remedies against the property that is security for the claim or the subject of the lease and both in rem and in personam relief against any codebtor."

3

empower the Court to dismiss because of frivolity.  See 28 U.S.C. § 1915(e)(2).  U.S. Bank asks the Court to dismiss this matter with prejudice based on its lack of merit.  For a merits determination, U.S. Bank must file its responsive brief and await the Court's timely review.

Accordingly, it is now

**ORDERED:**

(1) Appellee U.S. Bank N.A.'s Motion to Dismiss (Doc. 18) is **DENIED**.

(2) Appellant Gregory Myers's Motion for Extension of Time (Doc. 21) is **DENIED AS MOOT**.

(3) U.S. Bank N.A. is directed to file its initial response brief by February 6, 2023.

**DONE** and **ORDERED** in Fort Myers, Florida on January 23, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4