UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:   GREGORY BRIAN MYERS

GREGORY BRIAN MYERS,

     Appellant,

v.                              Case No:   2:22-cv-478-JES
                                Bankr. No: 2:21-bk-00123-FMD

U.S. BANK N.A.,

     Appellee.

## OPINION AND ORDER

This matter comes before the Court on appeal from the Bankruptcy Court's Order on Debtor's Motion to Reconsider, Alter or Amend Order (Doc. #4-2)[1] denying debtor's motion to reconsider issued on July 7, 2022. The *pro se* debtor filed a Rule 59(e) Motion to Reconsider, Alter or Amend Order on Debtor's Objection to Claim Filed by US Bank (Doc. #4-33) from the Bankruptcy Court's Order on Debtor's Objection to Claim 5 Filed by US Bank (Doc. #4-31) issued on March 7, 2022, overruling the objection to Claim No.

---

[1] The Notice of Appeal (Doc. #4-1) included an appeal from the Order on Debtor's Motion to Reconsider, Alter or Amend Order on Motion for Relief From the Automatic Stay and Co-Debtor Stay and Request for Five Year Injunction Against Refiling and Five Years of Prospective Stay Relief as to Real Property. Debtor withdrew his appeal from this Order. (Doc. #35, p. 2 n.1.) The appeal will be dismissed.

5 as moot.[2]  Appellant filed an Amended Initial Brief (Doc. #35), appellee filed a Brief (Doc. #43) in response, and appellant filed a Reply Brief (Doc. #49).

## I.

U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-OA4 (U.S. Bank) filed a Proof of Claim (Doc. #4-7) for a $2,555,120.90 loan secured by a recorded Deed of Trust and mortgage lien on real property in Bethesda, Maryland.  The ongoing post-petition payment as of May 1, 2021, is $8,962.48.  Debtor Gregory Brian Myers filed an Objection (Doc. #4-15) arguing that he was not an obligor on the alleged debt and that the proof of claim was untimely filed.  U.S. Bank filed a Response to Debtor's Objection (Doc. #4-16) indicating that Barbara A. Kelly executed an Adjustable Rate Note on March 30, 2007, with a principal balance of $1,775,000, on real property.  On April 11, 2007, a Deed of Trust was issued in favor of Kelly and debtor.  On or about June 1, 2010, both defaulted on the mortgage.  On August 29, 2014, a foreclosure action was filed in Maryland state court.  The case remains pending, and the foreclosure has been delayed by multiple bankruptcy filings.

---

[2] This Order was not appealed.

At the February 10, 2022, hearing in response to the inquiry if there was a ruling "regarding, you know, whether or not he's an obligor or whether the lien itself is valid," the Bankruptcy Court noted: "I'm not making any determination. The Plan doesn't provide for the debt. The automatic stay is not in effect, okay?" (Doc. #5-1, p. 13.)  On March 7, 2022, the Bankruptcy Court issued an Order (Doc. #4-31) overruling the objection as moot and determining that U.S. Bank will take nothing under the plan.

On or about March 22, 2022, debtor filed a Rule 59(e) Motion to Reconsider, Alter or Amend (Doc. #4-34) arguing that U.S. Bank failed to disclose the existence of an agreement where Chase modified the subject loan, and that debtor is not a party to that agreement.  U.S. Bank filed a Response (Doc. #4-37) arguing that no new evidence was submitted to support reconsideration and no modification occurred.  At the June 9, 2022, hearing the Bankruptcy Court declined to address Claim No. 5:

> I don't know what Mr. and Mrs. Myers' issues are with Mr. Schulis' client, U.S. Bank. They've been litigating these issues. I'm not going to litigate these issues. They're not providing for payment of this debt through their Plan.
>
> Mr. Schulis says he's withdrawn the proof of claim. I don't know if you filed a formal Notice of Withdrawal, Mr. Schulis, but you should do that, all right?
>
> MR. SCHULIS: I will, Your Honor.
>
> THE COURT: File a formal withdrawal of the proof of claim. I'm not going to litigate

>these issues. Ms. George, as I'm sure you're aware, I think every one of the Florida Middle District Bankruptcy judges defers to the State Court on issues of standing and on the issues of entitlement to foreclose, and enforcements of notes and mortgages. And you can litigate those issues in State Court.
>
>. . . .
>
>That has nothing to do with the legitimate purpose in this Chapter 13, and I'm not injecting myself into years of litigation with various U.S. Bank entities. Those are matters to be resolved in the State Court.

(Doc. #6-1, pp. 40, 41.)  The Bankruptcy Court denied the motion for reconsideration but did not deem the claim withdrawn[3] as it had previously been denied as moot.  (Doc. #4-3.)

## II.

The district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the U.S. Bankruptcy Court. 28 U.S.C. § 158(a).  Debtor asserts that the Order denying reconsideration of the Order finding the objection to Claim No. 5 as moot was a final and appealable decision.  Appellee disagrees with the characterization of the Order as final and appealable and asserts the district court lacks jurisdiction.

"[A] final judgment or order is one which ends the litigation on the merits and leaves nothing for the court to do but execute

---

[3] A creditor may not withdraw a claim as of right if an objection has been filed without order of the court after a hearing on notice.  Fed. R. Bankr. P. 3006.

the judgment." In re Celotex Corp., 700 F.3d 1262, 1265 (11th Cir. 2012) (internal quotation marks and citations omitted). "[T]o be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Id. (citations omitted). See also In re Saber, 264 F.3d 1317, 1324 (11th Cir. 2001) (citing In re Culton, 111 F.3d 92, 93 (11th Cir. 1997)); In re Atlas, 210 F.3d 1305 (11th Cir. 2000). By contrast, an interlocutory order is one that "does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." In re Kutner, 656 F.2d 1107, 1111 (5th Cir. Unit A Sept. 1981)[4] (quotation omitted), cert. denied, 455 U.S. 945 (1982).

An order overruling an objection, which allows a proof of claim in the amount filed and leaves no unresolved dispute about the merits of the claim, is a final decision. In re PMF Enterprises, Inc., 653 F. App'x 903, 904 n.1 (11th Cir. 2016). See also In re Morton, 298 B.R. 301, 303 (B.A.P. 6th Cir. 2003) ("The bankruptcy court's order overruling Debtor's objections to claims is a final order."); In re Smith, 398 B.R. 715, 720 (B.A.P.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1st Cir. 2008), aff'd, 586 F.3d 69 (1st Cir. 2009) (An Order "overruling the objection is a final order as it had the effect of allowing the claim as a secured priority claim in the amount filed."). "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). "An order denying a request for reconsideration under Bankruptcy Rule 9023 is reviewed 'for manifest abuse of discretion.'" Lopez (B.A.P. 1st Cir. 2021) (quoting In re Rodriguez Rodriguez, 516 B.R. 177, 183 (B.A.P. 1st Cir. 2014)).

Debtor does not specifically address the Order denying a rehearing on the Order that overruled the objection.  However, an appellate court reads briefs filed by a *pro se* litigant liberally. Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.4 (11th Cir. 1997).  The Court will consider the arguments as if the underlying Order on Debtor's Objection to Claim 5 Filed By US Bank (Doc. #4-31) was also appealed since the request for reconsideration was timely filed from that Order and the Notice of Appeal was timely filed within fourteen days of the Order on reconsideration (Doc. #4-6, pp. 25-26).  See, e.g., Nat'l Cap. Mgmt., LLC v. Herman, No. 6:11-CV-9-ORL-28, 2011 WL 4531736, at *3 (M.D. Fla. Sept. 29, 2011) (finding that an untimely motion for rehearing does not toll the time to file an appeal, but a timely appeal of the order denying rehearing grants this court jurisdiction to review).  The Court

concludes that the orders are final orders to the extent that the Bankruptcy Court decided the objection, and found that U.S. Bank would take nothing, and denied reconsideration.

### III.

On appeal, debtor argues that the Bankruptcy Court has no discretion to allow untimely claims. Debtor also asserts that the Bankruptcy Court stated at the February 10, 2022, hearing that the objection was sustained. Debtor is incorrect on both points.

"A bankruptcy court's decision to allow or disallow a claim is reviewed under the abuse of discretion standard." In re Chira, 378 B.R. 698, 708 (S.D. Fla. 2007), aff'd, 567 F.3d 1307 (11th Cir. 2009). The legal conclusions of the bankruptcy court are reviewed *de novo*, while findings of fact are reviewed for clear error. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).

As to the February 10, 2022, hearing, the Bankruptcy Court stated:

> There's some other matters related to U.S. Bank. I'm not going to avoid a judicial lien, I'm not going to address the objection to the claim. The claim -- you know, if Mr. Schulis agrees that Mr. Myers is not a signatory to the debt, he has no personal liability, then to the extent there's a claim on file, it's not -- you know, I don't think we need to get into claims litigation.
>
> I'll sustain the objection to the claim without prejudice to U.S. Bank's rights with respect to the property.

(Doc. #5-1, p. 19.) The discussion thereafter was that the U.S. Bank involved with the judicial lien was a different U.S. Bank (not WaMu) and was not present. (Id., pp. 20-27.) It was not until later that that the Bankruptcy Court addressed Claim No. 5 specifically, when the Court said "So I'm going to overrule that as moot, okay? We don't need to deal with it."

> MS. GEORGE: I mean, technically it was a late filed claim, Your Honor, so I kind of hate that but --
>
> THE COURT: Well, you've got that there, but I think based on everything else, it's just a moot issue. And you don't want me --
>
> MS. GEORGE: Sure.
>
> THE COURT: You don't want me sustaining the objection because it was a late-filed claim, because that implies that if it had been timely filed, it would have been allowed, okay?
>
> MS. GEORGE: Okay.
>
> THE COURT: All right. So that is overruled as moot or you can withdraw it, but I'll overrule it as moot.
>
> And you can give me that order, Mr. Schulis.

(Id., p. 28.) Any position that the objection was sustained is without merit and the untimeliness of the claim is not an issue. In this case, U.S. Bank filed a Proof of Claim that was not allowed or disallowed because U.S. Bank is not accounted for in the Plan at all.

> THE COURT: So my question is, the Debtor does not address U.S. Bank in the Plan. In other

- 8 -

> words, the Debtor's not proposing a mortgage modification mediation, the Debtor's not proposing to cure and maintain, the Debtor is not proposing to surrender. The Debtor has the option to -- under our Plan, to essentially not pay and not provide for under the Plan, and to, you know, litigate if the Debtor wants to do that.
>
> . . . .
>
> We have a standing order, or an Administrative Order that's entered in all Chapter 13 cases. If the Plan doesn't provide for the debt -- and by "provide for the debt," we mean Debtor's seeks mortgage modification mediation, Debtor proposes to cure and maintain, Debtor makes direct -- you know, any of the other options the Debtor has, make direct payments, not make payments.
>
> You know, unless the Debtor is seeking mortgage modification mediation or curing and maintaining through the Plan, the automatic stay does not apply. And the parties can litigate in State Court to their heart's content.

(Doc. #5-1, p. 6.) The Bankruptcy Court overruled debtor's objection as moot in the underlying Order and denied reconsideration.

"'Although the filing of a proof of claim may be a prerequisite to the allowance of certain claims, no creditor is required to file a proof of claim ... [but one] should be filed only when some purpose would be served.'" In re Bateman, 331 F.3d 821, 827 (11th Cir. 2003) (quoting Simmons v. Savell, 765 F.2d 547, 551 (5th Cir. 1985)). "'If a chapter 13 plan does not propose to modify a secured claim, then by virtue of Rule 3002(a) the

secured creditor is not required to file a proof of claim and the lien will pass through bankruptcy unaffected.'" In re Stewart, 247 B.R. 515, 520 (Bankr. M.D. Fla. 2000) (quoting In re Dennis, 230 B.R. 244, 252 (Bankr. D.N.J. 1999)). "A secured creditor can bypass his debtor's bankruptcy proceeding and enforce his lien in the usual way, which would normally be by bringing a foreclosure action in a state court. This is the principle that liens pass through bankruptcy unaffected." Matter of Penrod, 50 F.3d 459, 461 (7th Cir. 1995). See also In re Shook, 278 B.R. 815, 821 (B.A.P. 9th Cir. 2002) (same). By neither stipulating to or making provisions for a debt owed, the plan does not 'provide for' it, and therefore it is not included in a discharge. In re Dukes, 909 F.3d 1306, 1315 (11th Cir. 2018). The failure to file a proof of claim does not discharge a debt not provided for in the plan. Id. at 1323.

In this case, U.S. Bank is not provided for in the Plan, the debtor argues he is not an obligor on the debt, and the claim will pass through and be resolved in the state court through foreclosure regardless of whether U.S. Bank filed the Proof of Claim. See, e.g., In re Ohlsson, 587 F. Supp. 3d 1144, 1151 (M.D. Fla. 2021) (finding that overruling objection to claim as moot not error), aff'd, No. 21-12784, 2022 WL 6959294 (11th Cir. Oct. 12, 2022). The Court finds no error by the Bankruptcy Court.

Accordingly, it is hereby

**ORDERED:**

1. The appeal from the Bankruptcy Court's Order on Debtor's Motion to Reconsider, Alter or Amend Order on Motion for Relief From the Automatic Stay and Co-Debtor Stay and Request for Five Year Injunction Against Refiling and Five Years of Prospective Stay Relief as to Real Property (Doc. #4-1) is deemed voluntarily **dismissed.**

2. The Bankruptcy Court's Order on Debtor's Motion to Reconsider, Alter or Amend Order (Doc. #4-2) is **affirmed.**

3. The Clerk shall transmit a copy of this Opinion and Order to the Bankruptcy Court and close the appellate file.

**DONE and ORDERED** at Fort Myers, Florida, this __5th__ day of September 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record