```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

IN RE:  GREGORY BRIAN MYERS
_____

GREGORY BRIAN MYERS,

      Appellant,

v.                                    Case No:  2:22-cv-478-JES

U.S. BANK N.A.,

      Appellee.
_____

## OPINION AND ORDER

This matter comes before the Court on appellant's Motion for Reconsideration (Doc. #54) filed on September 19, 2023, seeking reconsideration of the September 5, 2023, Opinion and Order (Doc. #53) affirming the Bankruptcy Court's Order on Debtor's Motion to Reconsider, Alter or Amend Order overruling Debtor's Objection to Claim 5 Filed by US Bank.  Appellee filed an Opposition to Motion for Reconsideration (Doc. #55) on October 2, 2023, requesting leave to file a response since Fed. R. Bankr. P. 8022(a)(3) prohibits a response to a motion for rehearing.  The Court will only consider that the motion is opposed without further response.

    The motion for rehearing was timely filed within 14 days of the Opinion and Order under Fed. R. Bankr. P. 8022(a)(1).  A motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court or BAP has

overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). "A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment." Harper v. Heather Hills Amenities, LLC, 648 B.R. 740, 743 (M.D. Fla. 2023) (citations omitted). Courts in the Eleventh Circuit generally apply the same standard as applied to motions under Fed. R. Civ. P. 59(e):

> "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

In re Env't Techs. Int'l, Inc., No. 8:15-AP-786-KRM, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017).

Appellant argues that the Opinion and Order "constitutes clear error of law and is manifestly unjust." (Doc. #54, p. 3.) Appellant's argument is simply that the undersigned was incorrect

and therefore the Court should reconsider and vacate the decision. The Court finds no articulated manifest error of fact or law, and no newly discovered evidence. Appellant is essentially seeking reconsideration of a decision affirming an appeal from a motion for reconsideration. The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Appellant's Motion for Reconsideration (Doc. #54) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __3rd__ day of October 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record